IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELLA M. BELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3059 |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER, | ) | |
| and MOORE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on cross-motions for summary judgment.  Plaintiff Ella Beler claims that Defendant Blatt, Hasenmiller, Liebsker, and Moore, LLC, (Blatt) violated the Fair Debt Collection Practices Act (FDCPA) in its efforts to collect her unpaid charge account bill at J. C. Penney Co.  For the reasons set forth below, the Court denies Beler's summary judgment motion and allows Blatt's summary judgment motion.

STATEMENT OF FACTS

On March 3, 2004, Blatt, as attorneys for Monogram Credit Card Bank of Georgia (Monogram), filed a lawsuit against Beler in the Illinois

1

Circuit Court for Sangamon County, Illinois. The state court complaint (Collection Complaint) alleged that: (1) Beler opened a charge account with Monogram at J. C. Penney Co.; (2) Beler charged purchases totaling $730.91 on the account; and (3) Beler defaulted on the account. Monogram asked for judgment in the amount of $730.91, plus costs and interest. <u>Affidavit of Kenneth Wake (d/e 13)</u>, Deposition Exhibit D, <u>Collection Complaint</u>.

Attached to the Collection Complaint was an affidavit signed by Paul Weir. The Affidavit stated, in part:

> 1.   I am a competent person over eighteen years of age. I am an employee of General Electric Capital Corporation ("GE Capital") and an authorized agent for GE Capital with respect to its accounts for MONOGRAM CREDIT CARD BANK OF GEORGIA revolving credit accounts.
>
> 2.   The scope of my job responsibilities includes the performance of collection and recovery services. In the performance of my duties for GE Capital, I am familiar with the manner and method by which GE Capital creates and maintains its normal business books and records, including computer records of its revolving credit accounts held under the name of MONOGRAM CREDIT CARD BANK OF GEORGIA.
>
> . . . .
>
> 4.   In the ordinary course of business GE Capital maintains or has access to copies of revolving credit agreements/credit card applications entered into between MONOGRAM CREDIT

2

> CARD BANK OF GEORGIA and its customers enabling such customers to open revolving credit accounts with MONOGRAM CREDIT CARD BANK OF GEORGIA. The agreement specifically provides the GE Capital is entitled to recover, to the extent permitted by applicable law, its reasonable attorney's fees and costs incurred in any action to enforce its rights under the agreement.
>
> . . . .
>
> 6. The just and true balance due and owing to GE Capital by the accountholder(s) on Account number CG8892481168470 as of the date hereof is $730.91 and all just and lawful offsets, payments and credits have been allowed; together with interest thereon at a rate of .00% per annum.

Id.

Monogram's collection action was called for a hearing in state court on March 26, 2004. Blatt's associate K. Damon Young appeared for Monogram. Beler appeared personally. Beler admitted that she owed the amount claimed. The Court entered judgment in favor of Monogram and against Beler in the sum of $730.91.

Beler informed Young at the March 26, 2004, court hearing that her only source of income was Social Security. Beler Deposition (d/e 14) at 13. Blatt previously had collected information on Beler that indicated that she was disabled. Wake Deposition at 73 and Deposition Exhibit B at 1. Blatt further received a credit bureau report in April 2004 that indicated that

3

Beler was "LISTED AS SSI DISABILITY." <u>Wake Deposition</u>, Deposition Exhibit B at 4. Blatt did not use any supplementary proceedings, such as an Illinois Citation to Discover Assets, to question Beler under oath about her assets and sources of income. <u>See</u> 735 ILCS 5/2-1402.

Rather, on June 30, 2004, Blatt served a Citation to Discover Assets to Third Party (Citation) on U.S. Bank (Bank) in Springfield, Illinois. The Citation informed the Bank:

> YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which he may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.
>
> WARNING:    Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment. 735 ILCS 5/2-1402(d)(1).

<u>Wake Deposition</u>, Deposition Exhibit E. A Rider attached to the citation stated in part:

> Upon receipt of this Citation to Discover Assets, please do the following:

4

      1.    Freeze all assets of the Defendant in your control pursuant to the direction [of] the Citation up to twice the amount of judgment plus judgment interest and court costs.

Id. The Citation Notice accompanying the Citation stated in part:

> THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:
>
> . . . .
>
> (2) Social Security and SSI benefits;

Id.

Upon receipt of the Citation, the Bank froze Beler's bank account. Beler had $990.13 in the account. The Bank further charged Beler $70 for processing the Citation. Beler retained counsel and filed a motion to quash the citation. Beler claimed that the funds in the account were Social Security benefits exempt from collection. Blatt agreed to dismiss the Citation voluntarily. An agreed order dismissing the Citation was entered on July 23, 2004. Beler's lawyers charged her $1,005.50 for their services. Beler's daughter paid the attorneys' bill. Beler then filed this action. First Amended Complaint and Demand for Jury Trial (d/e 9).

## ANALYSIS

Beler asserts two claims at issue here.[1]  Beler claims that Blatt violated FDCPA §1692e by making false, deceptive or misleading representations in the Collection Complaint and attached Affidavit.  15 U.S.C. § 1692e.  Beler asserts that the Collection Complaint was misleading and deceptive because it did not explain the relationship between J. C. Penney Co., Monogram and GE Capital.  Beler also claims that Blatt engaged in unfair and unconscionable collection efforts, in violation of FDCPA § 1692f, by serving the Citation on the Bank and freezing Beler's bank account when the funds in the bank account were exempt from collection efforts.  15 U.S.C. § 1692e.  Social Security and SSI disability benefits are exempt from any debt collection efforts.  42 U.S.C. § 407(a); 735 ILCS 5/12-1001(g)(1) and (3).  Both parties ask for summary judgment on these claims.

At summary judgment, the moving party must present evidence that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the non-moving party.

---

[1] Beler also alleged that Blatt failed to send Beler the required initial notifications regarding validation of the debt. 15 U.S.C. § 1692g.  Blatt has presented evidence showing that the required notice was sent, and Beler has conceded this claim.  Plaintiff's Motion for Summary Judgment (d/e 19) at 3 n. 1.

Any doubt as to the existence of a genuine issue for trial must be resolved against the movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the movant has met the initial burden, the non-moving party must present evidence to show that issues of fact remain with respect to an issue essential to its, or her, case, and on which the non-moving party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Beler has failed to present evidence that Blatt violated either §§ 1692e or 1692f of the FDCPA.

A.   Section 1692e

Section 1692e prohibits a debt collector from using deceptive or misleading representations in connection with the collection of a debt. Beler argues that the Collection Complaint and attached affidavit were deceptive and misleading. She argues that the statements in these documents created confusion regarding the relationship between J. C. Penney Co., Monogram, and GE Capital. A confusing communication can be deceptive or misleading. Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997). Confusion can arise from a failure to explain apparent contradiction in documents. Id. The test for determining whether a document is misleading or deceptive,

7

however, is an objective one. The Court is required to look at the communication from the perspective of the hypothetical unsophisticated consumer:

> In some situations, when an FDCPA violation is so "clearly" evident on the face of a collection letter, a court may award summary judgment to the FDCPA plaintiff. On the other hand, mere speculation that a collection letter confuses the unsophisticated debtor is not enough for an FDCPA plaintiff to survive an opposing debt collector's summary judgment motion. Thus, when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial.

Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 415 (7th Cir. 2005) (internal citations omitted).

In this case, the Collection Complaint would not plainly be confusing to a significant fraction of the population. The Collection Complaint alleged that Beler opened the J. C. Penney charge account with Monogram, pursuant to the terms of a charge agreement. The attached Affidavit of Weir stated that GE Capital was the authorized agent for Monogram and further explained that GE Capital created "its revolving charge accounts held under the name of" Monogram. These statements showed that GE Capital owned Monogram and Monogram established the revolving credit account

with Beler at J. C. Penney Co. There is no obvious confusion here. Beler, therefore, must present evidence of confusion in order to create an issue of fact. Id. Beler has presented no evidence of confusion. Beler freely admitted in open court that she owed the money to Monogram. She had no difficulty understanding her relationship with these entities. Because Beler failed to present any evidence of confusion, Blatt is entitled to summary judgment on the § 1692e claim.

B.      Section 1692f

Section 1692f prohibits debt collectors from using any unfair or unconscionable collection methods. The standard for unfair or unconscionable actions is objective: "The test does not hinge on the defendant's knowledge, but rather upon how a consumer would perceive [the collection effort]." Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 996 (7th Cir. 2003). The defendant in Turner sent a collection letter to Turner to collect a debt that had been discharged in bankruptcy. Turner argued that it was unconscionable to try to collect a discharged debt. The debt collector claimed no knowledge of the bankruptcy as a defense. The Seventh Circuit stated that the debt collector's knowledge of the bankruptcy was irrelevant. The only issue is whether the collection letter on its face was

unfair or unconscionable.  Id. at 997.  The Court found that the collection letter was not unfair or unconscionable even though the debt had been discharged and regardless of whether the debt collector knew that the debt had been discharged.  Id. at 998.

Given the Seventh Circuit's instructions in Turner, it is irrelevant whether Blatt knew or did not know that the assets in Beler's bank account were exempt.  The issue is whether the Citation which was served on the Bank was unfair or unconscionable on its face.

In this case there was nothing unfair or unconscionable on the face of the Citation and the accompanying documents.  The Citation directed the Bank to freeze non-exempt assets up to twice the Judgment.  There is nothing improper in this; the judgment creditor has a right to seek non-exempt assets to satisfy the debt owed, and the asset freeze created by the Citation is limited, by law, to non-exempt assets. 735 ILCS 5/2-1402(f)(1). The Rider directed the Bank to freeze all assets in accordance with the directions in the Citation up to twice the Judgment, including costs and interest.  The direction to freeze all assets was qualified by the reference to the Citation, and so, the direction was limited to non-exempt assets.  The reference to costs and interest was proper since the creditor is entitled to

collect costs and post-judgment interest. See 735 ILCS 5/2-1303, 5/2-1402(h), and 5/5-108. Finally, the Citation notice specifically notified the Bank that Beler had the right to assert exemptions for the assets in her account at the Bank. When read as a whole, the Citation froze non-exempt assets of Beler's held in the Bank's account. There is nothing unfair or unconscionable in a debt collector using this method to collect debts.

Beler argues that Blatt had notice that the account held only exempt assets, and so its effort to freeze the account was unconscionable and unfair. Blatt's knowledge is not an element of an FCDPA claim. Turner, 330 F.3d at 996.[2] The face of the Citation was not unconscionable or unfair.

In the alternative, Beler argues that serving the Citation was unfair and unconscionable because it had the effect of freezing exempt assets. Beler is effectively asking this Court to hold that a debt collector commits a prima facie violation of the FDCPA if he engages in any collection efforts that temporarily interfere with a debtor's exempt assets. The Court will not so hold. The FDCPA states that taking possession of exempt assets through non-judicial collection efforts is unfair or unconscionable as a matter of law.

---

[2] Blatt's knowledge may be relevant for other remedies. See, e.g., Fed.R.Civ.P. 11; Ill.Sup.Ct.R. 137.

11

15 U.S.C. § 1692f(6)(C). The FDCPA does not state that using judicial proceedings is unfair or unconscionable. A creditor is entitled to use available judicial proceedings to collect just debts. Those proceedings provide safeguards to protect a debtor's rights. In Illinois, for example, the citation process gives the debtor the right to a hearing to claim exemptions in assets subject to the citation. 735 ILCS 5/2-1402(l). Beler did this successfully, and her rights were protected. The process was not unfair or unconscionable.

Beler relies on Todd v. Weltman, Weinberg & Reis, Co., L.P.A. to argue that Blatt's service of the Citation violated the FDCPA. Todd, 348 F.Supp.2d 903 (S.D. Ohio 2004). In Todd, however, the Ohio non-wage garnishment procedures required the attorney to sign an affidavit stating that he had reason to believe that the debtor's property held by the garnishee was non-exempt. Id. at 907. The Todd court held that signing that affidavit was unfair and unconscionable if the attorney had no basis for knowing the truth or falsity of the averment in the affidavit. Id. at 915. Here, Blatt's associate Young signed no affidavit. Blatt, thus, did not engage in the kind of unfair or unconscionable practices that the defendant allegedly used in Todd.

In light of the fact that the Seventh Circuit has held that the debt collector's knowledge is irrelevant, this Court must determine whether the use of judicial supplementary proceedings is unfair or unconscionable when those proceedings temporarily interfere with exempt assets. The Illinois judicial proceedings provide adequate safeguards for the parties' rights and are not unfair or unconscionable. Blatt did not violate § 1692f by using available supplementary judicial proceedings to collect a valid debt. Summary judgment is granted in favor of Blatt.

THEREFORE, the Defendant's Motion for Summary Judgment (d/e 12) is ALLOWED, and the Plaintiff's Motion for Summary Judgment (d/e 19) is DENIED. Summary judgment is entered in favor of Blatt, Hasenmiller, Liebsker, and Moore, LLC, and against Ella Beler. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: May 18, 2006.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE