**E-FILED**
Thursday, 20 July, 2006  10:20:50 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELLA M. BELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3059 |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER | ) | |
| and MOORE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant's Motion for Sanctions (d/e 27).  Defendant Blatt, Hasenmiller, Leibsker and Moore, LLC, moves for an award of sanctions against Plaintiff Ella M. Beler and her attorney Stephen F. Hedinger, pursuant to 28 U.S.C. § 1927 and 15 U.S.C. § 1692k(a)(3).  For the reasons set forth below, the Motion for Sanctions is denied.

Beler filed her one-count Complaint (d/e 1) on March 17, 2005.  On October 4, 2005, with leave of Court, Beler filed a one-count First Amended Complaint (d/e 9).  Beler alleged that Defendant violated the Fair Debt

Collection Practices Act (FDCPA) in its efforts to collect her unpaid charge account bill at J. C. Penney Co.   Specifically, Beler claimed that: (1) Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations in its Collection Complaint and attached affidavit, (2) Defendant engaged in unfair and unconscionable collection efforts, in violation of 15 U.S.C. § 1692f, by serving the Citation on the Bank and freezing Beler's bank account when the funds in the bank account were exempt from collection efforts, and (3) Defendant failed to send Beler the required initial notification regarding validation of the debt as required under 15 U.S.C. § 1692g.  Beler informed the Court that she conceded the validation notification claim in her Motion for Summary Judgment (d/e 19). Plaintiff's Motion for Summary Judgment, p. 3 n. 1.  On May 18, 2006, this Court granted summary judgment in favor of Defendant on Beler's remaining two claims.  Opinion, May 18, 2006 (d/e 25).

Defendant's Motion for Sanctions relates to Beler's validation notification claim under § 1692g and her false, deceptive or misleading representations claim under § 1692e.  Defendant asserts that Beler and her attorney should not have filed the validation notice claim and should not have pursued it through discovery to the brink of summary judgment.

2

Defendant further asserts that Beler should not have pursued a specious §
1692e(14) claim through summary judgment.  According to Defendant, this
conduct warrants sanctions under 28 U.S.C. § 1927 and 15 U.S.C. §
1692k(a)(3).  This Court, in its discretion, declines to impose sanctions on
Plaintiff or her counsel.

The FDCPA requires a debt collector to send the consumer a written
notice containing specific validation information within five days after the
initial communication with the consumer in connection with the collection
of any debt.  15 U.S.C. § 1692g(a).  Beler claimed that Defendant had
failed to comply with these validation notification requirements.   The
validation notification claim was included in Beler's original Complaint filed
in March 2005.  Defendant's Motion for Sanctions represents that "[i]n
August 2005, defendant's counsel advised plaintiff's counsel that, according
to defendant's files, a form demand letter with the requisite validation
notice was sent to the plaintiff in October 2003."  Motion for Sanctions, p.
2.  On September 7, 2005, Defendant provided Plaintiff with its initial Fed.
R. Civ. P. 26(a)(1) disclosures.  See Motion for Sanctions, Ex. A.  The cover
letter states "we are enclosing a *pro forma* copy of the initial collection letter
sent to Ms. Beler on or about October 28, 2003.  The letter, as you can see,

clearly contains the requisite validation notice." <u>Id</u>., p. 2.  Attached was a copy of Defendant's form validation notice letter.  <u>Id</u>., p. 3.  The letter continues, "we demand that you immediately withdraw the allegations contained at Paragraphs 18-19 of your complaint.  If you fail to do so, we will seek the appropriate remedies under Rule 11, 28 U.S.C. § 1927, and 15 U.S.C. § 1692k(a)(3)."  <u>Id</u>., p. 2.

Plaintiff's counsel responded by letter dated September 14, 2005, as follows:

> Your September 7 letter also suggested that grounds exist for my client to drop her claims that the complaint served upon her was the first notice of this debt received by her from your client.  In support, you attached a *"pro forma"* letter that could have been used to contact her in advance of the complaint.  The obvious problem I have with this "proof" is that it does nothing to establish that any such letter was actually printed or sent to her.  I am sure you will agree that the mere availability of such a letter on your client's word processing system does not mean that it was ever sent to my client.  I had anticipated, based on our prior phone conversations, that you would submit to me some proof that the letter had indeed been sent, but so far you have provided none.  I leave that opportunity open to you, though, and promise to give it careful consideration when it arrives.  Meantime, as I told you before, several other of my clients all have informed me that, consistent with Ms. Beler's claim, the first notice they ever received from your client was the complaint served upon them.

<u>Motion for Sanctions</u>, Ex. B, p. 2.

Beler's First Amended Complaint was filed, with leave of Court, on October 4, 2005. The First Amended Complaint again alleged that Defendant had failed to provide the requisite validation notification under § 1692g. The First Amended Complaint also added allegations that Defendant "violated 15 U.S.C. 1692e, including 15 U.S.C. 1692e(14) of the FDCPA, by serving a pleading and an affidavit that are false or misleading and inconsistent, as to whom Plaintiff allegedly owed the debt to, and as to whom [Defendant] represented as creditor in the collection action." First Amended Complaint, ¶ 22. The First Amended Complaint went on to quote 15 U.S.C. § 1692e(14). Id., ¶ 23.

On October 20, 2005, Defendant served Plaintiff's counsel with its Responses to Plaintiff's First Request for Production of Documents. See Motion for Sanctions, Ex. C. Defendant's Responses included another pro forma copy of Defendant's validation notice, as well as computerized case management records relating to Beler. Id., p. 7-17. The computerized records include an entry as follows: "*(009) 09:30 10-28-03 SNT NTC BLD1S; (010) 15:38 10-28-03 ATTORNEY REVIEW, LETTER SENT WB/IFL" Id., p. 8. According to Defendant, these entries establish that the initial demand letter was sent on October 28, 2003. Plaintiff, however,

continued to pursue her validation notice claim under § 1692g.

On January 31, 2006, Plaintiff's counsel deposed one of Defendant's principals, Ken Wake.  Wake testified that the requisite validation notice had been sent to Beler on October 28, 2003.  In a letter dated February 9, 2006, to Plaintiff's counsel, Defendant's counsel wrote:

> As you know, dispositive motions are due on February 28, 2006. In light of the testimony given last week by Ken Wake regarding the sending of the initial demand letter, you have no conceivable basis on which to maintain that the letter was not sent.  If we are forced to file a summary judgment motion on this claim, we will most assuredly seek sanctions against you personally, pursuant to 28 U.S.C. § 1927, for unreasonably and vexatiously prolonging the litigation.  *See Riddle & Associates, P.C. v. Kelly*, 414 F.3d 832 (7th Cir. 2005).  If you wish, instead, to take a voluntary dismissal, please call us so that we can discuss the terms on which we will allow you to do so.

Motion for Sanctions, Ex. E, p. 2.

Plaintiff's counsel responded via facsimile by letter dated February 22, 2006.  While noting his belief that Beler's testimony that she never received a letter provided a "conceivable basis" to pursue the claim, Plaintiff's counsel conceded that "the strength of Mr. Wake's testimony is to provide a likelihood of your success on your 15 U.S.C. § 1692k(c) 'bona fide error' defense, and possibly also to a rebuttable presumption of delivery of the asserted letter." Motion for Sanctions, Ex. F., p. 2.  Therefore, Plaintiff's

counsel stated that he was withdrawing 15 U.S.C. § 1692g as an asserted basis for relief.  <u>Id</u>.  Plaintiff's counsel pointed out that two asserted violations of the FDCPA remained "intact."  <u>Id</u>., p. 3.  Plaintiff's counsel indicated that, in light of these two remaining claims, he saw no basis to take a voluntary dismissal.  <u>Id</u>.

Defendant filed its Motion for Summary Judgment on February 28, 2006.  Defendant devoted two pages of its sixteen-page Motion to the § 1692g claim and two pages to the § 1692e(14) claim.  With leave of Court, Plaintiff filed her Motion for Summary Judgment on March 6, 2006.  In the Motion, Beler informed the Court that she conceded the validation notification claim.  <u>Plaintiff's Motion for Summary Judgment</u>, p. 3 n. 1.  In addressing her § 1692e claim, Beler addressed the section generally and did not limit herself to § 1692e(14).  On April 6, 2006, with leave of Court, Beler filed her Response to Defendant's Motion for Summary Judgment in which she argued that the First Amended Complaint did not assert a § 1692e(14) claim specifically and that § 1692e contained a non-exhaustive list of examples of situations that would violate the subsection.  Beler argued that Defendant's behavior was "analogous" to § 1692e(14).  <u>Plaintiff's Response to Defendant's Motion for Summary Judgment</u> (d/e 22), p. 6 n,

3.

The Court noted Beler's concession of her § 1692g claim in its May 18, 2006, Opinion and did not reach the validation notification issue. The Court granted summary judgment in favor of Defendant on the § 1692e and § 1692f claims. In doing so, the Court addressed Beler's § 1692e claim generally and did not limit itself to an analysis of § 1692e(14) specifically.

The Court turns now to Defendant's request for sanctions under 28 U.S.C. § 1927 and 15 U.S.C. § 1692k(a)(3). Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Additionally, the FDCPA provides as follows: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).

Under the facts of the instant case, set forth in detail above, the Court does not believe that an order of sanctions is appropriate under either

statute.  As the Seventh Circuit has recognized, "The purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them."  Riddle & Assoc., 414 F.3d at 835 (internal quotations and citations omitted).  "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."  Id.  The Court does not believe that Plaintiff's counsel's actions reach this level.  Furthermore, the Court finds no indication that the instant action was brought in bad faith and for the purpose of harassment such that sanctions would be appropriate under the FDCPA.

With respect to the validation notification claim, it is undisputed that Beler informed her attorney that she did not receive the requisite validation notification.  While the analysis under the FDCPA focuses on whether the notification was sent, Beler's statement that she did not receive it provided a reasonable basis for Plaintiff's counsel to explore the issue.  Clearly, any evidence regarding the sending of the letter would lie with Defendant.  The Court notes that, at the time that the First Amended Complaint was filed, Defendant had provided Plaintiff with a pro forma copy of its notification letter, but had provided no documentation that such a letter had been sent

to Beler. Moreover, while the Defendant provided computerized case management records of Beler's case in its discovery responses on October 20, 2005, these records are far from self-explanatory. Thus, the Court turns to the deposition testimony of Ken Wake. Defendant proffers that Wake's testimony "conclusively established that the validation notice had been sent." Motion for Sanctions, p. 6. The Court notes that less than one month after receiving this evidence, Beler informed Defendant that she was withdrawing her § 1692g validation notification claim. Defendant points out that Beler did not take action for dismissal under Fed. R. Civ. P. 41; however, the Court notes that Rule 41 governs the dismissal of actions, not of individual claims. At the time she withdrew her § 1692g claim, Beler had two claims that remained pending in her single-count First Amended Complaint. For all of these reasons, the Court finds that Plaintiff's counsel's conduct with respect to the § 1692g claim was not objectively unreasonable or vexatious such that sanctions would be appropriate under 28 U.S.C. § 1927. Furthermore, the Court finds nothing to support a finding that the § 1692g claim was brought in bad faith or for purposes of harassment. Therefore, Defendant's request for sanctions based on Beler's § 1692g claim is denied.

Defendant's request for sanctions based on Beler's § 1692e claim is similarly unavailing.  The First Amended Complaint asserted that Defendant "violated 15 U.S.C. 1692e, including 15 U.S.C. 1692e(14) of the FDCPA, by serving a pleading and an affidavit that are false or misleading and inconsistent, as to whom Plaintiff allegedly owed the debt to, and as to whom [Defendant] represented as creditor in the collection action." First Amended Complaint, ¶ 22.  Defendant seeks sanctions based on Plaintiff's alleged backpedaling at summary judgment from a § 1692e(14) claim specifically to a general § 1692e claim.  Defendant, however, fails to explain how Plaintiff's counsel's conduct with respect to this claim was unreasonable or vexatious such that sanctions would be appropriate under 28 U.S.C. § 1927.  Defendant also fails to demonstrate that Beler's § 1692e claim was brought in bad faith or for purposes of harassment.  Therefore, Defendant's request for sanctions based on Beler's § 1692e claim is denied.

THEREFORE, for the reasons set forth above, Defendant's Motion for Sanctions (d/e 27) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   July 19, 2006.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE